IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | 8:07CR44 |
| | ) | |
| v. | ) | |
| | ) | |
| ROBERTO ZAVALA-GARCIA, | ) | PRELIMINARY ORDER |
| ROBERTO JIMENEZ-JIMENEZ, | ) | OF FORFEITURE |
| ALEXANDER HERNANDEZ-CORAZON, | ) | |
| | ) | |
| Defendants. | ) | |

This matter comes on before the Court upon the United States' Motion for Issuance of Preliminary Order of Forfeiture and Memorandum Brief (Filing No. 54). The Court has reviewed the record in this case and finds as follows:

1. Defendant, Roberto Zavala-Garcia, entered into a Plea Agreement whereby he agreed to enter pleas of guilty to Counts I and VIII of the Indictment filed herein. The defendant, Alexander Hernandez-Corazon, entered into a Plea Agreement whereby he agreed to enter pleas of guilty to Counts I and VII of the Indictment filed herein. The defendant, Roberto Jimenez-Jimenez, entered into a Plea Agreement whereby he agreed to enter pleas of guilty to Counts I and VII of the Information filed herein. Count I of the Indictment charges the defendants with one count of conspiracy to distribute actual methamphetamine, in violation of 21 U.S.C. § 846. Count I of the Information charges the defendant, Roberto Jimenez-Jimenez, with one count of conspiracy to distribute a mixture or substance containing a detectable amount of methamphetamine, in violation of 21 U.S.C., § 846. Counts VII and VIII of said Indictment and Count VII of said Information sought the forfeiture, pursuant to 21 U.S.C. § 853, of $1,800.00

and $5,700.00 in United States currency on the basis they were used or were intended to be used to facilitate said controlled substance violation and/or were derived from proceeds obtained directly or indirectly as a result of the commission of said controlled substance violation.

  2. Said pleas of guilty have now been entered. By virtue of these pleas of guilty, the defendants forfeit their interest in the subject properties, and the United States should be entitled to possession of said properties, pursuant to 21 U.S.C. § 853.

  3. The United States' Motion for Issuance of Preliminary Order of Forfeiture should be sustained. Accordingly,

  IT IS ORDERED:

  A. The United States' Motion for Issuance of Preliminary Order of Forfeiture is hereby sustained.

  B. Based upon Counts VII and VIII of the Indictment, Count VII of the Information and the defendants' pleas of guilty, the United States Marshal for the District of Nebraska ("Marshal") is hereby authorized to seize the $1,800.00 and $5,700.00 in United States currency.

  C. The defendants' interest in said properties is hereby forfeited to the United States of America for disposition in accordance with the law, subject to the provisions of 21 U.S.C. § 853(n)(1).

  D. The aforementioned forfeited properties are to be held by the Marshal in his secure custody and control.

  E. Pursuant to 21 U.S.C., § 853(n)(1), the Marshal forthwith shall publish at least once for three successive weeks in a newspaper of general circulation, in the county where the

subject properties are situated, notice of this Order, notice of the Marshal's intent to dispose of the properties in such manner as the Attorney General may direct, and notice that any person, other than the defendants, having or claiming a legal interest in any of the subject forfeited properties must file a Petition with the court within thirty (30) days of the final publication of notice or of receipt of actual notice, whichever is earlier.

  F.  Said published notice shall state the Petition referred to in Paragraph E., above, shall be for a hearing to adjudicate the validity of the Petitioner's alleged interest in the properties, shall be signed by the Petitioner under penalty of perjury, and shall set forth the nature and extent of the Petitioner's right, title or interest in the subject properties and any additional facts supporting the Petitioner's claim and the relief sought.

  G.  The United States may also, to the extent practicable, provide direct written notice to any person known to have alleged an interest in the properties subject to this Order as a substitute for published notice as to those persons so notified.

  H.  Upon adjudication of all third-party interests, this Court will enter a Final Order of Forfeiture pursuant to 21 U.S.C. § 853(n), in which all interests will be addressed.

  DATED this 29th day of May, 2007.

      BY THE COURT:

      /s/ Lyle E. Strom

      LYLE E. STROM, SENIOR JUDGE
      United States District Court